## THOMAS M. TYNG, APPELLANT, *v.* THE UNITED STATES SUBMARINE AND TORPEDO BOAT CO., RESPONDENT.

*Evidence — notice to produce papers.*

This action was brought by plaintiff to recover for services rendered and money disbursed in procuring certain patents for the defendant. At the trial, he required the defendant, pursuant to a notice, to produce its certificate of incorporation, the assignment of the invention to one Smith, one of the company's trustees, and the minutes of the meetings of the board of trustees; the books and papers not being produced, the plaintiff produced proof of the certificate of incorporation and the contents of the assignment; and also proved the contents of the minutes so far as to show the entry of the proceedings of the meeting of June ninth, containing the statement that his action in procuring the patents was approved. After the plaintiff rested, the defendant produced and read, against the objection of the plaintiff, the certificate of incorporation, the assignment of the invention, and the record of the meeting of the trustees, held November seventh, at which the statement contained in the record of the meeting of June ninth, approving the acts of plaintiff in procuring the patents, was stricken out; *held*, that the objection could not be sustained as to the certificate of incorporation, because it was filed in the office of the county clerk and was a public record, as accessible to one party as to the other; nor as to the minutes, as the portion read by the defendant was not the portion which the plaintiff wished to prove, but an entirely separate and distinct portion; that the assignment should have been rejected, but, as the plaintiff was not injured by its admission, the judgment would not be reversed for this error.

A party failing, after notice, to produce books and papers in his possession, is not allowed, after having voluntarily withheld them when demanded by his adversary, to introduce them in evidence himself.

APPEAL from a judgment entered on the report of a referee in favor of the defendant.

The defendant in this action is a corporation, formed, on or about the 24th of October, 1865, under the statute of this State providing for the formation of manufacturing corporations.

Its object was to manufacture, sell and use submarine boats, apparatus or machines, and improve, sell and otherwise dispose of the property of the company. Its capital was fixed at $1,000,000, divided into 10,000 shares of $100 each, representing improvements in submarine vessels and apparatus, for which a caveat had been filed under the United States patent laws, preparatory to obtain-

ing a patent. The company owned the invention and the right to letters patent for the same.

The majority of the stock was owned by the plaintiff, who was secretary and treasurer of the corporation, and by S. B. Clark, who was its president. The plaintiff applied for, and procured patents for the invention in this and other countries, for which he paid out large sums of money, which constituted the cause of action for which he claimed to recover; the issue in the action was referred to a referee, who reported in favor of the defendant. Judgment was entered upon the report and the plaintiff appealed from the same.

*Henry E. Davies, Jr.,* for the appellant.

*Fithian & Clark,* for the respondent.

DANIELS, J.:

The evidence given by the plaintiff, as a witness upon the trial, tended to prove that he took proceedings to obtain patents for the invention assigned to the defendants, and paid out the sum of money requisite to carry them on and render them effectual, with the concurrence and approbation, and by the request, of the president and other trustees of the corporation, and that the patents, when procured in that manner by him, had been transferred and delivered to the corporation and were afterward held by it as its property. This was sufficient to create a *prima facie* right to recover on his part; but his statement upon these matters was controverted by the evidence given by Clark, who was president of the corporation. From that, it appeared that the proceedings to procure the patents were taken under the joint concurrence of the plaintiff and himself, in order to improve the stock owned by them in the corporation; and that they both acted for themselves and not on behalf of the corporation. He further testified that the patents had not been transferred or delivered to the corporation, and that it had received no benefit from the plaintiff's expenditures. The state of the accounts and the character of the correspondence proved, tended to confirm this view of the plaintiff's employment. As a whole, the evidence was quite evenly balanced, except as to the receipt of the patents

by the company; upon that, the preponderance was against the plaintiff, because his knowledge upon that subject seemed to be dependent upon the information communicated to him by Sanborn, his successor.

This state of the evidence rendered the inquiries, whether the employment was by the company or for its benefit, or whether it had received the fruits of the plaintiff's services and expenditures, matters of fact for the determination and decision of the referee, and he has determined them in favor of defendant. This conclusion is final in the case, because nothing appears from which it can reasonably be held to be improper. The minutes of a meeting of the trustees, held on the 9th of June, 1866, contained the statement that the plaintiff's action, in procuring the patents was approved; if that had been true, a good reason would have existed for sustaining his claim for reimbursements, but the defendant's proof directly tended to show that such action had not been approved, and that the entry in the minutes was made by the plaintiff without authority. That theory of the fact seems to have been adopted as the truth by the referee, and the entry itself was not permitted to continue in the minutes, for it was afterward expunged by a vote of the trustees, at what seems to have been a regular meeting of the board. There was nothing, after that, in the evidence showing any action on the part of the corporation relating to the plaintiff's services or expenditures.

The evidence, tending to show that the entry in the minutes of the meeting of the trustees, that the action of the plaintiff was approved, was untrue, and inserted there by the act of the plaintiff himself without authority, was entirely pertinent and proper. He produced the entry as evidence that the company had approved of his action, and, therefore, had become liable to refund the money disbursed by him in the course of its business; and the company, certainly, had the right to avoid the inference by showing that no such approval was made, and the entry, stating that it was, an untruth inserted in the minutes by the unauthorized conduct of the plaintiff. In the early progress of the trial, the plaintiff, pursuant to a notice, required the defendant to produce its certificate of incorporation, the assignment of the invention to Smith, one of the company's trustees, and the minutes of the meeting of the board of trustees. The books and papers were not produced, and

the plaintiff then produced proof of the certificate of incorporation and contents of the assignment. He also proved the contents of the minutes so far as to show the entry of the proceedings of the trustees' meeting on the ninth of June, containing his statement that this action was approved, but he did not give proof of the entry of the proceedings of the meeting of the seventh of November, at which the statement of that approval was expunged. After the plaintiff rested, the defendant produced and read the certificate of incorporation, the assignment of the invention and its improvements to Smith, and the record of the meeting of the trustees, held on the seventh of November. This proof was received after the plaintiff had objected to it upon the ground that the defendant should not be allowed to make it after having failed to produce the papers and the book, when required to do so, according to the terms of the plaintiff's notice, and the plaintiff excepted to the ruling allowing it to be given. The objection taken to proof of the certificate of incorporation could not, in any view, be maintained, because the certificate was filed in the office of the clerk of the county, and had thereby become a public record, and accessible to one party, as it was to the other; and that taken to the production and proof of the book of minutes, is equally without foundation, because its object was to prove the record of the meeting of the seventh of November, concerning which the plaintiff gave no evidence, and that was all the evidence given by the defendant from the book. Under the objection taken by the plaintiff, it would extend the rule, relied upon by the plaintiff, altogether too far, to hold that a party, required to produce a book upon the trial for the benefit of the other party, so as to enable him to prove and read one portion of it, should, on account of his failure to do so, be precluded from proving and reading an entirely different portion of its contents, and that was what the plaintiff insisted upon by means of his objections. What the plaintiff required, was to prove the portion of the entry showing the statement of the approval of his action in obtaining the patents; and the use made of the book by the defendant, under the objection, was to, show that the statement concerning it had afterward been expunged, at what appears to have been a regular meeting of the board of trustees.

There can be no doubt but that the rule of evidence, relied upon by the plaintiff, respecting the effects of omitting to produce the books and papers upon the trial, when required to do so by the notice of the opposite party, is well settled, and besides that, it is just and wholesome, and, in all proper cases, should be observed and applied. The party failing, after notice, to produce, books and papers in his possession or under his control, is not entitled to the favorable consideration of the tribunal before which the trial may be proceeding as to that part of his cause of action or defense which may be dependent upon their contents; and no injustice is done to him, after he has voluntarily withheld them when they were required by his adversary, by excluding them from the case upon his offer to introduce them. It is but a just consequence of his own misconduct for the needless embarrassment occasioned to his adversary. And the rule of evidence existing on that subject should be enforced against the defaulting party.*

Under this rule, the assignment ought to have been rejected by the referee. But the judgment cannot be reversed because he erred in that respect; for, the proof, made by means of them, was more beneficial and important to the plaintiff than it was to the defendant. In fact it does not seem to have been of the least consequence to the defendant's defense. And it was a circumstance in the plaintiff's favor, because it showed that the title, received by the company for the invention and improvements from Smith, was complete. Although an error on the part of the referee in allowing the papers to be read, under the circumstances, it was one which in no way produced any possible injury to the plaintiff. For that reason, it cannot be allowed to invalidate the judgment afterwards directed by him.

There was no error in allowing the defendant's witness, Clark, to contradict what the plaintiff had been previously permitted to state, concerning his employment by the officers and stockholders, to procure the patents for the invention, nor in allowing him to testify from memory who the stockholders of the company were, as long as his personal knowledge enabled him to do that.

The case shows that there was evidence from which the referee

* Doe v. Cockell, 6 Car. & P., 525; Lewis v. Hartley, 7 id., 405; Collins v. Gashon, 2 Foster & Finlason, 47; 2 Phillips' Evidence, 5th Am. ed., 447.

could reasonably find that Clark supplied part of the money expended in procuring the patents, and for that reason he was warranted in finding the fact as he ultimately did, although he had previously stated generally that the expenditure was made by the plaintiff. These findings are not inconsistent, because, by the last one, no attempt was made to change the amount previously stated to have been expended by the plaintiff. The effect is that Clark was found to have advanced money as well as the plaintiff.

If the referee had adopted the plaintiff's own evidence as the truth, no difference in the result would have been produced by it. For he testified that when he was applied to by the officers of the corporation to advance the money for the patents, the promise made was that he should be repaid by the company for the money advanced, as soon as any money was received into its treasury. And he afterwards stated that " there never was any money in the treasury of the company." This, at the best, was but a conditional promise, and by the plaintiff's own evidence it appeared that the condition, on which it was rendered dependent, had never been performed. If these facts had been found as he stated them, they would not have entitled him to judgment. But they were not, for the defendant's witness, Clark, stated that no such promise even as that was made, and the referee adopted that as the truth in the case.

All the evidence which the defendant gave was admissible under its answer, for it simply went to show that the theory on which the plaintiff claimed to recover was not true in point of fact.

The referee's omission to find the facts he was requested to by the plaintiff's counsel can be of no service to him upon this appeal. For if he was wrong in declining, the remedy for its correction is not by way of appeal from the judgment.*

No ground exists on which the appeal taken can be sustained.

The judgment should therefore be affirmed, with costs.

DAVIS, P. J., and WESTBROOK, J., concurred.

Judgment affirmed, with costs.

---

* Rogers v. Wheeler, 52 N. Y., 262.